CHASEZ, Judge.
The plaintiff herein, Erwin Deutsch, d. b. a. Deutsch Construction Company, alleging that he had entered into a building contract with the defendant, Marco T. Castaño, under the terms of which he was to furnish certain materials, labor and do certain repairs and improvements on the premises of the defendant at 6046 Louisville Street in the City of New Orleans, for the agreed sum of $5187.50, to which sum was added the sum of $717.05 to cover the cost of extras necessarily incurred during the progress of the work, at the request of the defendant, filed this suit against the said defendant, Marco T. Castaño, for the sum of $904.55, with legal interest thereon from judicial demand until paid and all costs; and prayed further for recognition and maintenance of the lien and privilege he filed in the Mortgage Office for the Parish of Orleans, effecting the property repaired at No. 6046 Louisville Street in the City of New Orleans, La.
By supplemental and amended petition, the plaintiff reiterated the allegations of his original petition and alleged, alternatively, that he is entitled to recover the sum sued for on the basis of quantum meruit.
*287 The defendant admits that he had entered into the contract with the plaintiff .but denies all other allegations of plaintiff’s petition, except that he admits that he paid the plaintiff, the sum of $5,000.00, and still pwes him $187.50 on the contract.
He further alleged in his answer that he approved the following extras:
“That respondent authorized only the following extras at the indicated contractual prices :
Utility room, extra sheets of paneling, labor $ 54.16
Stud wall, labpr 23.20 -
Box out for wall steel cabinets 17.32
Remove small window and install larger one 11.55
One closet door 49.40
Basement-close up one door and two windows and outside plaster 25.00
Shoring 200.00
Bathroom — change of shower size 14.00
Kitchen — base and wall cabinet and top 109.88
Tile deck and splash at extra cabinet 36.00
TOTAL $540.51”
Defendant by reconventional demand claims that he is entitled to credits for certain items not performed by the plaintiff under the contract, i. e. $200.00 for certain windows and openings; $130.00 for electrical work; $100.00 for sheetrocking of the living room, dinning room and bedroom; and $33.00 for the substitution of six sheets of paneling; that plaintiff did not perform his work in a workmanlike manner and he is entitled to recover the sum of $451.00, which is necessary to properly complete the agreed upon contract; and claims that he suffered damages to the extent of $350.00 for a breach of the contract by the plaintiff, by not completing the job timely, and as a result thereof he had to eat his meals away from home and have his wearing apparel cleaned at laundries.
The defendant and plaintiff in reconvention, however, admits that he is indebted to the plaintiff for the sum of $540.51 for extras and the sum of $187.50, balance of contract price, or a total of $728.00, and contends by deducting this sum from the total of the items above set forth a balance is due him of $576.49 for which he demands judgment in reconvention.
The allegations of the supplemental and amended petition of the plaintiff were denied by the defendant and the allegations of the answer and reconventional demands of the defendant and plaintiff in reconvention were denied by the plaintiff.
The Court a qua rendered a judgment in favor of the plaintiff for the amount sued for herein, namely $904.55; with legal interest from judicial demand until paid, recognized and maintained the lien and privilege filed by the plaintiff against defendant’s property located at 6046 Louisville Street in the City of New Orleans, Louisiana, and dismissed the reconventional demand of the defendant and plaintiff in reconvention. From this judgment the defendant-appellant, Marco T. Castaño, has appealed.
As stated, this litigation arises out of a contract between the parties to repair and remodel the home of the defendant-appellant, and the amount sued for is the balance of the contract price of $187.50 and the cost of the extras ordered by the defendant-appellant, i. e. the sum of $717.05.
*288 The extras claimed by the plaintiff-ap-pellee on this job are fully set forth on plaintiff’s Exhibit #1, filed of record herein, which reads as follows:
July 10, 1963. “Mr. and Mrs. Marco Castaño
6046 Louisville St.,
New Orleans, La.
• Extras & Credits acc. to changes of remodeling work at above mentioned address:
Utility Room:
1. 4 extra sheets of paneling @ 6.50 $ 26.00
Labor 128 sq. ft. @ .20 25.60
2.56 $ 54.16
2. 12 LF Studwall -80 FBM @ 125.00 10.00
Labor 12 LF @ 1.00 12.00
1.20 23.20
3. 2 closets — 2 doors w/frame & trim Hardware, lumber, etc. 52.50
Labor 42.00
4.20 98.70
4. Box out for wall steel cabinets oi Ul
17.32 H-4 La •SI
5. Remove small window, install larger 10.50
1.05 11.55
Bathroom:
14.00 6. Change of Shower size 7 sq. ft. tile @ 2.00
7. Vanity Tile top in lieu of formica, see item 18
9S.00 8. Heating duct & outlet (bathroom) (den) Den: “ “ “ & ventpipe
25.00 9. Close up 1 door & window, incl. plaster
10.Cut out of window in rear door o LO
Labor o O
13.10 o VO
Kitchen:
11. 33" Base & Wall cabinet & top-base 64.72
wall 44.64
top 24.00
133.36
discount 20% 26.68
106.68
Tax 3% 3.20 109.88
12. Tile deck & splash at range & extra cabinet see Item 18
13. 2 windows credit against charge item # 1.
14. Difference in cost of appliances 558.26
estimate 498.00 60.26
15. Difference of st. steel hood-by owner
16. Sheetrock kitchen ceiling 90 sq. ft. @ .15 13.50
*289 Kitchen:
$ 36.00 17. Cost of wallpaper
$180.50 18. Tile walls at kitchen inch extra cabinet tile deck at kitchen inch extra cabinet (rangewall only)
Formica walls acc. to estimate O O to t'N
95,00 85.50 “ vanity top O O o CM
Shoring:
55.00 19. shoring for changing sills
68.00 20. sills, bolts, studs
82.00 labor
8.20 158.20
50.00 21. Extra plumbing, caulking pipes relocation of H/W heater & connecting waterline to shed
of sills 72.00 22. Extra plaster (stucco) for the changing
992.37
10% overhead 99.24
1,091.61
Credits:
1. 2 windows, see extras #13
2. 1 ext. door & frame 29.88
Hardware 4.50
Labor 14.00
1.40 $49.78
3. Electric 130.00
4. Paneling 6 sheets allow. CM-
6 sheets cost On CO
$212.78
10% overhead 21.28
$234.06
S. Canceled items acc. to sep. quotation 104.50 374.56
Total extra charge $717.05”
While both parties agree that they had a contract in this matter, it is difficult to determine what the contract was. The documents that were introduced in evidence by the defendant are useless to such a determination for the defendant himself states that there were oral agreements on practically everything done in connection with the so-called contract. The specifications were modified and altered and changes in the work were constantly made. While we are not favored with reasons herein we are convinced that the court agreed entirely with the contentions of the plaintiff as set forth in his evidence and exhibits, particularly Exhibit 1 hereinabove referred to, *290 ■which covers all of the extras in labor and material supplied on the job by the plaintiff.
The record shows that the defendant admits the following- items appearing on plaintiff’s exhibit #1.
1. $54.16 Admitted in defendant’s answer.
2. 23.20 Admitted in defendant’s answer.
3. 98.70 $49.40 admitted in defendant’s answer.
4. 17.32 Admitted in defendant’s answer.
5. 11.55 Admitted in defendant’s answer.
6. 14.00 Admitted in defendant’s answer.
9. 25.00 Admitted in defendant’s answer.
10. 13.10 Defendant admits $8.00, testimony of Castaño.
11. 109.88 Admitted in defendant’s answer.
16. 13.50 Admitted; Testimony of plaintiff and counsel for defendant.
The balance of the items on said exhibit are wholly or partially contested by the defendant, but we are of the opinion, as no doubt was the Judge below, that the plaintiff has amply shown that he is entitled to judgment therefor.
Item #3 on said Exhibit involved two doors. The defendant admits that he owes the sum of $49.40, which is the cost of one door. The record amply discloses that two doors were involved in the matter and were ordered by the defendant and we are convinced that the evidence proves that he owes for two doors.
Regarding Item #8, it may be stated that under the agreement between the parties, the work on the den was eliminated from the original contract. However, it appears that while the workmen were on the premises the defendant ordered the men to supply an outlet in the far corner of the den so that when the den may be later finished, he would not have to get the heating men back again. The outlet was supplied and the charge for the extra was properly made.
On Item #10 of the Exhibit, the defendant admits owing $8.00 of the $13.10 claimed. The testimony of the plaintiff in this matter, which we believe to be true, indicates that the full sum of $13.10 is properly due for this extra.
There is no dispute between the parties on Items 13 and 15 appearing on the list since there was no charge made for Item 13, and Item 15 was paid direct by the defendant.
Item #14 is for $60.26, being the difference in the cost of appliances ordered by the Castaños and installed in the house. This amount is properly allowed by the Court.
Item #17 is an item of $36.00, covering the cost of wallpaper. It appears that when the parties first contracted in this matter, there was no mention of wallpapering the walls. The evidence indicates that wallpapering, or painting, is done for the same price, but that price does not include the cost of the wallpaper that is hung; although wallpaper may be hung, or the place painted for the same price, the selection of the wallpaper and its quality is made by the customer, and the cost thereof is paid by the customer. The cost of the wallpaper hung on this job amounted to $36.00 and was paid for by the contractor and he should be reimbursed by the plaintiff.
Items 7, 12 and 18 are considered together. This involved the use of formica and/or tile in the kitchen, including an extra cabinet and vanity deck. It appears that the Castaños had the right to utilize either tile or formica. Formica was chosen, but because of some defect in workmanship, a proper fit was not obtained. The contractor then indicated that, in order to save time, *291 it would be wiser to use tile. This change was necessary since the contractor was unable to properly fit the formica. Castaño states in his testimony that he is willing to admit that he should pay $36.00 as a result of the change from formica to tile and we believe a correction should be made on this extra, reducing the charge from $85.00 to $36.00.
Items 19, 20 and 22 of the list are properly discussed together. These items are extras covering shoring, sills, bolts, studs, labor and plaster (stucco for changing the sills.) The list itself discloses that the items 19 and 20 aggregate the sum of $213.20, and that Item 22 is for the sum of $72.00. It was ascertained at the time the house was to be shored that the sills were rotten because of termites. This aspect of the job was unexpected and the extra work for its correction was agreed to by Castaño. While he objects to the amount claimed by the plaintiff, we are of the opinion that this amount is a proper charge for the work done, and that the extra plastering, or stucco, costing $72.00, is likewise a proper charge for this extra work. Castaño admits that he agreed to pay $200.00 for this work, after bargaining. We, however, are of the opinion that the full amount is due.
Item #21 on the list is for extra plumbing, caulking pipes, relocation of the heater and connecting waterline to the shed. The contractor testifies that Castaño ordered this extra. Castaño testifies that there is no pipe line to the shed. The evidence of the plumber is that he made such a connection to the shed and that the bill covering this item is in the record. This extra is likewise a proper extra and shall be borne by the defendant.
To the aggregate amount of this list was to be added 10% for overhead. That sum on the list amounts to $99.24, and the total amount of the list aggregates $1,091.61. From this sum is deducted the credits, aggregating the sum of $374.56, leaving a balance of $717.05.
A further reduction shall be made as a result of the readjustment made herein on the formica-tile item.
There is attached to defendant’s answer and reconventional demand a list of items aggregating $451.00, which he claims have to be repaired or furnished at the Castaño residence. These items apparently are the items covered by the testimony of the witness, Jose J. Sequeria. Mr. Sequeria knew nothing of the contract entered into between the parties, or the many oral modifications thereof and was ignorant of any agreements regarding extras. These items set forth in the list were mostly unknown to Mr. Deutsch and no complaints regarding them were registered by the Castaños with Deutsch. Moreover, Mr. Sequeria apparently was unaware that items that were called to the attention of Deutsch were corrected by him and he admitted in his testimony that the values he placed on many of them were “thrown in”.
The Court a qua rejected these items and, we believe, correctly so.
The claims of defendant for $503.50 for alleged cancelled and omitted items set forth in the reconventional demand were likewise rejected on the evidence of the parties, as was the claim for damages for alleged breach of the contract which caused defendant to “eat out” and have the family laundry done away from home. We hold the Court a qua correct in rejecting these items as there was no specific time set within which this work was to be performed and defendant-appellant should not be awarded damages for such items.
For the foregoing reasons the judgment Of the Court a qua is amended to reduce the sum due to the plaintiff, Deutsch, by defendant Castaño, to $850.65, with legal interest thereon from date of judicial demand until paid, and all costs; and in all other respects said judgment is affirmed; all costs of the proceedings of this Court shall be borne by the defendant-appellant, Marco T. Castaño.
Amended and affirmed.