227 So.2d 506 (1969)
Nicholas G. GODSHALL, Jane Godshall and A. Budd Cutler, As Trustees of Palms Town and Country Motel, Inc., a Dissolved Florida Corporation, and Coral Palms Development Corporation, a Florida Corporation, Appellants,
v.
Stephen HESSEN, Appellee.
No. 69-158.
District Court of Appeal of Florida. Third District.
October 28, 1969.
Rehearing Denied November 19, 1969.
*507 Fogle & Fordham, Miami, for appellants.
Jay A. Swidler, Miami Beach, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
CHARLES CARROLL, Judge.
This appeal is by the defendants below from a judgment entered in favor of a judgment creditor plaintiff, in a suit in the nature of a creditor's bill.
In 1965 the defendant Palms Town and Country Motel, Inc., was the owner of a motel. On or about October 1, 1965, it sold the motel property to the defendant Coral Palms Development Corporation. The sale was made subject to a first mortgage (the amount of which is not shown), in addition to which the purchaser gave the seller corporation $65,000 in cash and a note and second mortgage for $72,361.83. Thereafter the seller corporation was dissolved. The last directors, who became trustees of the property of the corporation, were the defendants Nicholas G. Godshall, his wife Jane Godshall and A. Budd Cutler. The last named was attorney for the corporation prior to its dissolution, and was not involved in any disposition or distribution of its assets.
On May 24, 1967, the plaintiff obtained the judgment involved in this case (in the amount of $16,270.15), against Palms Town and Country Motel, Inc. Execution issued thereon and was returned unsatisfied.
The judgment creditor then filed this suit alleging that the defendants were concealing the proceeds of the sale above described, and seeking discovery thereof, and application of such assets in payment of the judgment. The trustees answered, averring, as a conclusion, that the assets of the dissolved corporation had been distributed "in the manner provided by law," and averring that the present holders of the note and (second) mortgage above referred to were not parties to the suit.
Interrogatories were propounded to the purchaser corporation, and to the seller corporation and its dissolution trustees. The interrogatories were answered. Depositions were taken of the president and another officer of the purchaser corporation and of a manager of its motel property. The plaintiff also took the deposition of Cutler, one of the trustees of the dissolved corporation, and sought to take the depositions of Nicholas Godshall and his wife. They objected, asserting their residence and presence in a foreign state (Pennsylvania), but the trial court ordered the defendants to appear at the place of suit in Dade County, Florida, for their depositions on a stated date, notwithstanding their residence outside of the state. For their failure to come to Florida to give their depositions, the trial court on motion of the plaintiff struck the answer of the dissolved corporation and of its trustees and granted default judgment against them. The appellants contend, and we agree, that such action of the *508 trial court was not proper. See Kaufman v. Kaufman, Fla. 1952, 63 So.2d 196 at 200.
Contrary to the rule that a plaintiff, by invoking the jurisdiction of the courts of a state in which he does not reside, thereby becomes subject to being required to make himself available for a discovery deposition at the place where the cause is pending (usually a short time before trial), as recognized in City of Miami Beach v. Wolfe, Fla. 1955, 83 So.2d 774, a nonresident defendant, who does not seek affirmative relief in the cause, should not be required to travel into the state for a discovery deposition, but should be deposed by interrogatories, or by oral examination in the state and place of his residence. Thus in Kaufman v. Kaufman, supra, where in a divorce suit a chancellor struck the answer of a nonresident defendant who had not sought affirmative relief and entered a decree pro confesso against him, for his failure to travel into this state to submit to a discovery deposition, the Supreme Court said (63 So.2d at 200):
"We are unable to agree with the able Chancellor's interpretation of the discovery deposition rule. The wife was asserting her claim for support and maintenance money. The husband was not asserting a claim against his wife but simply filed an answer to her claim. The wife, under such conditions and circumstances, is not entitled, as a matter of right, to an order requiring this appellant to travel from Toms River, New Jersey, to Daytona Beach, Florida, at great expense, and inconvenience, in order to give his deposition so that the plaintiff-wife could prepare her case for trial. The Rule, supra, casts upon the wife in the case at bar the burden of taking the husband's testimony at Toms River, New Jersey. See Rule 30(a) of Civil Procedure; Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564. It was error to strike from the record the answer of the defendant-appellant and in an ex parte proceeding enter the final decree challenged on this appeal."
However, in view of the disclosures in the record which amply support the judgment entered in this cause, that action of the trial court was harmless error, and does not constitute a basis for reversal here. This is so because on reading the pleadings and the evidence, consisting of the answers to interrogatories and the depositions, it does not appear that any genuine issue was presented of full or adequate consideration having been given by the two trustees of the dissolved corporation. It was sufficiently shown that the purchase money mortgage had been distributed or "assigned" by the dissolved corporation to Godshall and his wife, and that payments on the second mortgage were being made to Godshall. The answer of the defendant trustees did not aver consideration, but only that the assets had been distributed lawfully. In answer to interrogatories it was stated, without amplification, that the consideration for the mortgage was indebtednesses of the corporation, presumably to the Godshalls. From the depositions the trial court was entitled to conclude that Nicholas Godshall, alone or with his wife, had owned all or at least a portion of the stock of the dissolved corporation.
The trial court held that the transfer or distribution of the second mortgage of the dissolved corporation to Nicholas Godshall and Jane Godshall (stockholders, directors and trustees) was invalid as to the plaintiff judgment creditor to the extent of the amount of his judgment of May 24, 1967, and limited the ruling as to invalidity of the mortgage, to that extent. The court then enjoined the mortgagor, the defendant Coral Palms Development Corporation, from making further payments thereon to Nicholas Godshall and Jane Godshall until the satisfaction of the judgment, and ordered the mortgagor to apply subsequent payments to the plaintiff's judgment, until satisfied.
That ruling of the trial court was in accordance with the law as stated in § 608.30 Fla. Stat., F.S.A. In subsection five thereof *509 it is provided: "Nothing in this section shall relieve the stockholders from ratable contribution, from any assets received in distribution, toward payment of any valid and enforceable claim made against them as distributees, or against the corporation, or relieve property coming to the hands of the trustees from any valid claim of lien or claim of right therein, nor prevent service of process upon the trustees as such to enforce any lien or determine any property right after distribution." The judgment involved here was obtained within the three year period for which the cited statutory section, by subsection 1, provides that a dissolved corporation shall continue for three years after dissolution for the purpose of satisfying its liabilities, etc. On the facts shown, the judgment appears supportable also under the law as provided in § 608.54, Fla. Stat., F.S.A. See 7 Fla.Jur., Corporations, § 371.
Affirmed.