SHARP, Judge.
Besco Equipment Co., Inc. (Besco), appeals from a judgment denying its claim to an indebtedness as an intervenor in a garnishment proceeding. The judgment was entered based on the trial court’s imposition of sanctions, pursuant to Florida Rule of Civil Procedure 1.380(b)(2)(A), because Besco refused to comply with discovery motions filed against it by appellee, Golden Loaf Bakery, Inc. (Golden Loaf). We reverse.
Golden Loaf sought to garnish a debt owed to Besco by Oroweat Foods Company (Oroweat). Golden Loafs judgment debtor was Glen Sullivan d/b/a Bakery Engineers, but it asserted and sought to prove through discovery that Sullivan was the alter ego of Besco, or that the debt could be reached because Sullivan was an officer and shareholder of Besco.
Golden Loaf moved to take the deposition of a corporate officer of Besco, in Florida, and for production of various corporate records. Because it is a New Jersey corporation without offices in Florida, Bes-co filed a motion for a protective order. The motion was denied, and the trial court entered an order dated July 22, 1982, requiring a corporate officer of Besco to be deposed in Florida, as well as requiring Besco to produce the documents. The order stated that if Besco did not comply with its requirements, the court would continue the trial, which had been set a short time after the deposition date.
Besco complied with the production of documents, but it did not produce a corporate officer. Golden Loaf withdrew its motion for imposition of sanctions, and the trial court continued the trial date. Besco also sought to withdraw from the garnishment proceeding, but it failed to obtain the trial court’s order to do so, as required by Florida Rule of Civil Procedure 1.420(a).
In August and September, Golden Loaf again moved to depose a corporate officer of Besco and for production of documents. Besco did not seek a protective order, or comply with Golden Loaf’s discovery motions. Golden Loaf filed a motion for imposition of sanctions against Besco, and Bes-co failed to attend the hearing. Because of these failures, as well as non-compliance with the July 22 order, the trial court ruled that Besco and Sullivan were alter egos of each other.
Pursuant to Florida Rule of Civil Procedure 1.380 a trial court may make fact findings in favor of one party based upon another party’s willful failure to obey the trial court’s order requiring compliance with appropriate discovery. Johnson v. Allstate Insurance Company, 410 So.2d 978 (Fla. 5th DCA 1982). However, in this case there were no court orders sought or entered requiring compliance with Golden Loaf’s discovery efforts filed in August or September. These defaults are not an appropriate basis for the imposition of sanctions. Remington Construction Co. v. Hamilton Electric, Inc., 181 So.2d 183 (Fla. 3d DCA 1965).
Nor do we think failure to comply with the July 22 order is an appropriate basis for sanctions in this case. At the July 22 hearing when the order was entered, Golden Loaf withdrew its motion for sanctions, since the documents sought had been produced. Golden Loaf was apparently content with the sanction stated in the July 22 order that if Besco failed to produce the witness by July 23, the trial would be continued.
*332 Besco also argues that the judgment should be reversed because the trial court erred in requiring it to bring witnesses from New Jersey to Florida for their depositions. Had the sanctions been properly imposed, we might not have reached this point because Besco did not seek appellate review of the order as it could have done. Any party who ignores or disobeys an order entered by a court which has jurisdiction over the parties and the subject matter does so at his peril. Johnson. However, to aid speedy disposition of this case on remand, we shall address it.
Florida courts generally do not require a nonresident corporation to produce a nonresident corporate officer in Florida, unless the corporation is seeking affirmative relief in the litigation. See Kaufman v. Kaufman, 63 So.2d 196 (Fla.1952); Madax International Corporation v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977); Godshall v. Hessen, 227 So.2d 506 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 530 (Fla.1970). This rule is based on the theory that having selected the forum in which to assert his cause of action, the plaintiff must likewise appear there to give his deposition, if properly served with notice to do so. Ormond Beach First National Bank v. Montgomery Roof Co., 189 So.2d 239 (Fla. 1st DCA 1966), cert. denied, 200 So.2d 813 (Fla.1967).
The question is, therefore, whether a party who files a claim as an intervenor in a garnishment proceeding pursuant to section 77.16, Florida Statutes (1983), is seeking affirmative relief. The garnishee, Oroweat, is in the position of a stakeholder. See Pierce, Wulbern, Murphey Corporation v. Riverside Bank of Jacksonville, 203 So.2d 177 (Fla. 1st DCA 1967). The real contest in such cases is between the garnishor, Golden Loaf, and Besco, the in-tervenor, as to which one of them is entitled to payment from the garnishee.
In this case Besco did not seek affirmative relief, but it is doubtful as to whether an intervenor in a garnishment proceeding would be entitled to affirmative relief against the opposing party. See Tilley Lamp Company v. Thacker, 454 F.2d 805, 808 (5th Cir.1972). The final judgment entered in this case acknowledges Besco’s defensive (as opposed to affirmative) position by declaring that Oroweat “may remit” the balance of the debt to Besco after paying Golden Loaf in full. In contrast, Golden Loaf was awarded a judgment against Oroweat for its claim.
Accordingly, the judgment is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ORFINGER, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents without opinion.