## CLARK BROTHERS TRANSPORTATION, INC. v ALLIED INTERNATIONAL, INC.

### Case No. 87-15141-CA

Fourth Judicial Circuit, Duval County

March 23, 1988

## OPINION OF THE COURT

PETER WEBSTER, Circuit Judge.

### FINAL ORDER DENYING PETITION FOR *WRIT OF COMMON LAW CERTIORARI*

Petitioner, Clark Brothers Transportation, Inc., seeks review, by a petition for a writ of common law certiorari, of an order of the county court. The order in question denied a motion made by respondent to take certain depositions by telephone. In addition, the order contains the following paragraphs:

2. Seven (7) days before the trial of this cause, the Defendant [Petitioner] shall produce for deposition to be scheduled by the Plaintiff [Respondent], a corporate designee of Clark Brothers Transportation, Inc., and Milford E. Kline [identified in the record only as an employee of Defendant/Petitioner].

Petitioner challenges only the portion of the order just quoted. Its argument is based upon the hypothesis that the quoted portion of the order requires it to produce a corporate designee and Mr. Kline *in Jacksonville, Florida,* seven days before trial for their depositions. According to petitioner, requiring that it produce these individuals for their depositions in Jacksonville is "a departure from the essential requirements of law and would cause [it] material injuries throughout the remainder of the proceedings which would prevent Petitioner from obtaining a full, adequate and complete remedy by appeal after final judgment."

Initially, the Court concludes that a petition for a writ of common law certiorari is the appropriate procedure by which to seek review of the county court's order. *See, e.g., Gadsden County Times, Inc. v Horne,* 426 So.2d 1234 (Fla. 1st DCA), *pet. for rev. denied,* 441 So.2d 631 (Fla. 1983). [However, the Court recognizes that the recent decision in *Martin-Johnson, Inc. v Savage,* 509 So.2d 1097 (Fla. 1987), can be argued as suggesting a contrary conclusion.] Therefore, this Court has jurisdiction over the subject matter. Art. V, ⁵(b), Fla. Const.; Fla. R. App. P. 9.030(c)(3).

Addressing the substance of petitioner's petition, it appears to be the settled law of Florida that, in the absence of extraordinary circumstances not shown to exist in this action, a nonresident defendant not seeking affirmative relief may not be compelled to travel to Florida to submit to a deposition; rather, the deposition should be taken in the state and locale of the defendant's residence. *See generally Kaufman v Kaufman,* 63 So.2d 196 (Fla. 1952); *Brown v Brown,* 500 So.2d 655 (Fla. 1st DCA 1986); *Largo Hospital Owners, Ltd. v Gorman,* 408 So.2d 655 (Fla. 2d DCA 1981); *Godshall v Hessen,* 227 So.2d 506 (Fla. 3d DCA 1969). Likewise, a defendant nonresident corporation not seeking affirmative relief may not be required to produce a corporate designee in Florida. *Besco Equipment Co. v Golden Loaf Bakery, Inc.,* 458 So.2d 330 (Fla. 5th DCA 1984). Nor may a nonparty nonresident officer or employee of a defendant nonresident corporation not seeking affirmative relief be required to travel to Florida for a deposition. *Madax International Corp. v Delcher Intercontinental Moving Services, Inc.,* 342 So.2d 1082 (Fla. 2d DCA 1977).

Despite the following legal authorities, however, the Court is of the opinion that the petition must be denied. Such a result is required because the portion of the order presented for review *does not* state that petitioner must produce a corporate designee and Mr. Kline *in Florida;* rather, it merely directs that, seven days before trial, petitioner

"produce for deposition to be scheduled by the Plaintiff, a corporate designee . . . and Milford E. Kline." It is silent as to *where* these people must be produced. Thus, it is not clear from the record that the county court has departed from the essential requirements of law, a necessary prerequisite to relief by common law certiorari. *See Martin-Johnson, Inc. v Savage,* 509 So.2d 1097 (Fla. 1987). The Court hastens to add that, were it clear from the challenged order that the individuals were to be produced for deposition in Florida, the decisions discussed above would compel it to grant the petition.

Based upon the foregoing, it is

ORDERED and ADJUDGED that:

The petition for writ of common law certiorari is DENIED.

DONE, ORDERED and ADJUDGED at Jacksonville, Duval County, Florida, this 23rd day of March, 1988.