621 So.2d 546 (1993)
FORTUNE INSURANCE COMPANY, Petitioner,
v.
Martha SANTELLI, Respondent.
No. 93-884.
District Court of Appeal of Florida, Third District.
July 13, 1993.
Diane H. Tutt, Fort Lauderdale, for petitioner.
Millard C. Glancy, Coral Springs, for respondent.
Before BASKIN, JORGENSON and LEVY, JJ.
*547 PER CURIAM.
This is a petition for writ of certiorari seeking review of an order denying Fortune Insurance Co.'s motion for protective order and requiring Fortune Insurance to produce its corporate representative for deposition in Dade County. We grant the petition and quash the order under review.
Martha Santelli, a resident of Dade County, sued the Petitioner, Fortune Insurance, seeking a declaration of coverage and benefits arising from an automobile accident involving the Petitioner's insured. Santelli, respondent, served a Notice of Taking Deposition of Corporate Representative, setting a deposition in Dade County. The Petitioner filed a motion for protective order arguing that the deposition should be conducted in Jacksonville, Duval County, where Fortune had its principal place of business and where it wrote the policies. Moreover, the Petitioner argued that its designated corporate representative lived and worked in Jacksonville and all the documents and computer files were located in Jacksonville. The trial court denied the motion and ordered the deposition in Dade County.
Certiorari is the appropriate method to review the order entered in connection with discovery proceedings. See Greenstein v. Baxas Howell Mobley, Inc., 583 So.2d 402 (Fla. 3d DCA 1991); Ormond Beach First National Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239 (Fla. 1st DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967). The issue before this court is whether Petitioner, which has its principal place of business in Duval County, is required to produce its corporate representative, a resident of Duval County, for deposition in Dade County.
A plaintiff is generally required to be deposed in the forum where the action is pending. Ormond Beach, 189 So.2d at 243. A defendant, however, will not be required to travel a great distance and incur substantial expenses to be deposed by the plaintiff, unless the defendant is seeking affirmative relief. Kaufman v. Kaufman, 63 So.2d 196 (Fla. 1952). Thus, under Florida law a nonresident corporate defendant need not produce a nonresident corporate officer in Florida. Besco Equip. Co. v. Golden Loaf Bakery, Inc., 458 So.2d 330 (Fla. 5th DCA 1984); Madax Int'l Corp. v. Delcher Intercontinental Moving Serv., Inc., 342 So.2d 1082 (Fla. 2d DCA 1977); Godshall v. Hessen, 227 So.2d 506 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 530 (Fla. 1970). Similarly, a defendant who is not a resident of the forum where the action is pending is not required to appear in the forum for an examination and a hearing. Patterson v. Venne, 594 So.2d 331 (Fla. 3d DCA 1992) (defendant, Clay County resident, was not seeking affirmative relief and was thus not required to appear in Dade County).
Under federal law,[1] the deposition of a representative of a corporate defendant is ordinarily taken at the corporation's principal place of business, unless justice requires otherwise. Salter v. Upjohn Co., 593 F.2d 649 (5th Cir.1979); Wilson v. Lamb, 125 F.R.D. 142 (E.D.Ky. 1989); C. Wright & A. Miller, Federal Practice & Procedure § 2112 at 410 (1970); cf. Turner v. Prudential Ins. Co., 119 F.R.D. 381 (M.D.N.C. 1988) (deposition of defendant corporate officer was appropriate in forum district rather than in state where officer resided and worked). We find this consistent with the rules of discovery established under Florida law and hold that the Petitioner should not be required to produce the corporate representative in Dade County. The Petitioner's principal place of business is Jacksonville, the corporate representative works and resides in Jacksonville, and all the documents and files are located in Jacksonville. Moreover, the Petitioner is not seeking any affirmative relief. Requiring the Petitioner to produce its corporate representative in Dade County would constitute an undue burden or expense on the *548 Petitioner. See Fla.R.Civ.P. 1.280(c). The trial court thus departed from the essential requirements of the law in denying the Petitioner's motion for protective order.
We grant the petition, quash the order under review, and remand with directions to grant the protective order to depose the corporate representative in Jacksonville.
NOTES
[1] Because there is no Florida case directly addressing whether a defendant corporation's principal place of business is the appropriate place to take the deposition of a corporate representative, we look to federal law for guidance. See Mims v. Casademont, 464 So.2d 643 (Fla. 3d DCA 1985).