W. SHARP, Judge.
Donahoo and McMenamy, defendants in a law-suit in progress below in Putnam County, Florida, petition for certiorari review of a non-final order entered by the trial court, which denied their motion for a protective order. They assert the trial court departed from the essential requirements of law, and if wrong, they will be without a remedy. It ruled they must appear in Putnam County for the taking of their depositions. Under the circumstances of this case, we disagree and grant the writ.
Donahoo and McMenamy are attorneys associated with the firm of Donahoo, Donahoo and Ball, P.A. They and the firm are defendants in a law-suit filed by the heirs of Claude M. Knight, which was filed in Putnam County. They are being sued individually and as representatives of the law firm. The suit seeks an accounting of all matters relating to the Knight estate, damages for misconduct in the administration of the estate, and the removal of McMenamy as trustee of a trust established by the estate. The defendants are purely in a defensive posture, and have not sought any affirmative relief against the plaintiffs.
The heirs are residents of Putnam County, and they filed suit in that county. Donahoo and McMenamy are residents of Duval County, and their firm is located in Jacksonville, Florida, also in Duval County. The defendants have no office in Putnam County. In their motion for a protective order filed pursuant to Rule 1.280(e), Florida Rules of Civil Procedure, they assert their principal place of business is in Duval County, and that the estate and trust in controversy was handled in Duval County. In addition, all of the records and documents pertaining to the estate and trust are in their office in Jacksonville.
Generally a defendant will not be required to travel a great distance and incur substantial expense for the purpose of being deposed by a plaintiff, unless the defendant is seeking affirmative relief. Kaufman v. Kaufman, 63 So.2d 196 (Fla.1952); Fortune Insurance Company v. Santelli, 621 So.2d 546 (Fla. 3d DCA 1993); Patterson v. Venne, 594 So.2d 331 (Fla. 3d DCA 1992); Madax Int. Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977); Godshall v. Hessen, 227 So.2d 506 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 530 (Fla.1970).
In Fortune, supra, the court noted that although there was Florida law consistent with its holding regarding individual defendants, there was no case directly addressing whether a defendant corporation’s principal place of business is the appropriate place to take a deposition of a corporate representative. It relied on federal law for guidance, and adopted the rule that the deposition of a representative of a corporation who is a defendant in a law suit, should ordinarily be taken at the corporation’s principal place of business, if the corporate defendant is seeking no affirmative relief. To require a corporate representative to appear for deposition in a county not that corporate defendant’s head-quarters or principal place of business, would constitute an undue burden or expense on the corporate-defendant.
*393 This case involves two individual defendants and their professional association. None are seeking affirmative relief. All three have their offices and records in Duval County, and are residents of Duval. We conclude the trial court departed from the essential requirements of the law in denying the defendants’ motion for a protective order. Accordingly we grant the petition and quash the order under review. We remand with directions to grant the protective order to depose the defendants in Duval County.
Petition GRANTED; Order QUASHED; REMANDED with Directions.
HARRIS, J., concurs.
GOSHORN, J., dissents without opinion.