PER CURIAM.
We quash the trial court’s order requiring the representative of the petitioner-defendant corporation to appear for deposition in Miami-Dade County instead of at the location of the defendant’s headquarters in Alabama. The defendant is not seeking affirmative relief in this lawsuit. “A defendant ... will not’be required to travel a great distance and incur substantial expenses to be deposed by the plaintiff, unless the defendant is seeking affirmative relief. Thus, under Florida law a nonresident corporate defendant need not produce a nonresident corporate officer in Florida.” Fortune Ins. Co. v. Santelli 621 So.2d 546, 547 (Fla. 3d DCA 1993) (citations omitted); see Bruce J. Berman, Florida Civil Procedure ¶ 310.5[2][b] (1999 ed.). It has been said that there is an exception for . “extraordinary circumstances,” United Teachers Assocs. Ins. Co. v. Vanwinkle, 657 So.2d 1232 (Fla. 3d DCA 1995), but no such circumstances have been shown to exist here.
Certiorari granted.