SHARP, W., J.
The Florida Department of Highway Safety and Motor Vehicles and Labbe (petitioners) seek certiorari review of the trial court’s order, which denied their motion to quash the taking of Labbe’s deposition, and which denied in part and granted in part their motion for a protective order. The issue before us is whether the plaintiff, Jason Marks, who filed a 42 U.S.C. section 1983 lawsuit against petitioners, should be able to conduct a deposition of Labbe, as limited by the trial court. We conclude that the trial court’s order constitutes a departure from the essential requirements of law and would result in irreparable harm.[1] Accordingly, we quash the trial court’s order.
*1064 Marks brought the 1983 lawsuit against petitioners after Labbe, a hearing officer for the Department, affirmed the suspension of his driver’s license as a result of his arrest for DUI. He alleged he was denied due process at the review hearing conducted by Labbe because, first an employee of the Florida Department of Law Enforcement failed to appear with requested documents pursuant to his subpoena duces te-cum, which allegedly would have shown that the breathalyzer machine used in his case was not approved under FDLE rules and second, Labbe denied his motion to set aside the suspension based on the nonappearance. Marks alleged Labbe willfully refused to follow case law, lacked knowledge of the rules and regulations relating to license suspensions, and acted in a biased manner.[2]
Marks sought to take Labbe’s deposition. The Department and Labbe opposed it, citing United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). That case held it was error to permit the taking of the Secretary of Agriculture’s deposition to probe his mental processes in making decisions in a quasi-judicial administrative proceeding.
The trial court agreed that Morgan applied to this case. However, in its order, the trial court relied on two exceptions to Morgan, established by Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), abrogated on other grounds, Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). It quoted the following language from Volpe:
The court may require the administrative officials who participated in the decision to give testimony explaining their action. Of course, such inquiry into the mental processes of administrative deci-sionmakers is usually to be avoided. And where there are administrative findings that were made at the same time as the decision, as was the case in Morgan, there must be a strong showing of bad faith or improper behavior before such inquiry may be made. But here there are not such formal findings, and it may be that the only way there can be effective judicial review is by examining the decisionmakers themselves, (emphasis added; citation omitted)
Volpe, 91 S.Ct. at 825-26.
The trial court thought the second exception in Volpe applied in this case and thus it allowed Marks to depose Labbe on several issues. It permitted Marks to depose her to explain her action in denying his motion to set aside the suspension and he could depose her regarding the extent of her legal training, her training with regard to the rules and regulations of the Department, and the policies and procedures used by the Department in suspending an individual’s driver’s license.
The federal case law cited by the trial court and the parties is illuminating even though we do not agree with its application in this case. In our view, the real issue is whether the trial court’s order departs from Florida law.
In State v. Lewis, 656 So.2d 1248 (Fla.1994), the court relied on Morgan in ruling that a party may not depose a judge who presided over a trial, in a post-judgment proceeding, for the purpose of probing his thought process. Such a deposition would only be allowed, the court said, when the “testimony of the presiding judge is absolutely necessary to establish factual circumstances not in the record.” The purpose must be limited to ensuring a complete record for review. Further, the *1065 Florida Supreme Court has held that the doctrine of judicial immunity embraces persons who exercise a judicial or quasi-judicial function. See Office of State Attorney, Fourth Judicial Circuit of Florida v. Parrotino, 628 So.2d 1097 (Fla.1993).
In Johnson v. Harris, 645 So.2d 96, 98 (Fla. 5th DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995), this court described the scope of judicial immunity as follows:
Judges enjoy absolute immunity for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction.
The concept of judicial immunity also applies to administrative officers acting within the scope of their administrative duties. Andrews v. Florida Parole Commission, 768 So.2d 1257 (Fla. 1st DCA 2000), rev. dismissed, 791 So.2d 1093 (Fla.2001). If judicial immunity bars a lawsuit against a judge or official acting in a quasi-judicial capacity, then such judge or official may not be deposed.
We also disagree that Volpe can be construed to permit the deposition of Labbe in this case for the purposes stated. In Volpe, a suit was brought to enjoin the Secretary of Transportation from releasing federal funds to a state highway department for the construction of a six-lane interstate highway through a public park. In releasing the funds, the Secretary failed to make formal findings. Volpe determined that formal findings were not necessary because there was an administrative record which would allow for a full review of the Secretary’s action. The Court remanded to the district court for plenary review of the decision based on the full administrative record. However, Volpe observed that since the record might not disclose all the factors that were considered, on remand the district court could require some explanation to determine whether the Secretary acted within his authority. That was the context and source of the two Volpe exceptions relied on by the trial court.
The'purpose of the remand in Volpe was to allow the district court to make a decision based on a review of the administrative record, with testimony from administrative officials, only if the record was insufficient to allow review. Unlike this case, there were no allegations that the Secretary was biased or unqualified to make the decision. The Volpe remand is analogous to the one in Lewis, to allow the establishment of factual circumstances not in the record.
In contrast in this .case, there is .no demonstrable concern that an inadequate record exists for the purpose of reviewing the. Department’s action in suspending Mark’s driver’s license. To the contrary, it is evident the record of the license suspension proceeding was adequate, because as noted above, the circuit court, based on its review of the record of the quasi-judicial proceeding, quashed Labbe’s order suspending Mark’s driver’s license.
The purpose of Labbe’s deposition, even as limited by the trial courts order, 'is patently designed to probe her thought process while acting in her quasi-judicial capacity as a hearing officer. The Department suggest that it is “quite possible” that Labbe’s deposition could be barred by “absolute immunity” rather than “quasi-judicial immunity” — an issue we do not reach, because under either, the questioning of Labbe’s thought process in handling this case, or her knowledge and qualifications to do so, are barred.
Petition for Writ of Certiorari GRANTED; Order Granting Deposition QUASHED.
PALMER and ORFINGER, JJ., concur.

. Since the trial court's order allows for Labbe’s deposition, the order is one granting discovery or letting the "cat out of the bag” so that irreparable harm is evident if the order in fact departs from the essential requirements of law. See generally Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Beverly Enterprises-Florida, Inc. v. Ives, 832 So.2d 161 (Fla. 5th DCA 2002), rev. denied, 845 So.2d 890 (Fla.2003).

. The circuit court in its appellate capacity has since reversed the Department's suspension of Marks' driver's license. In 5D04-3673, the Department seeks certiorari review of the circuit court’s reversal; that case remains pending.