WETHERELL, J.
In this workers’ compensation case, the Employer and Servicing Agent (E/SA) petition for a writ of certiorari to review an order denying their amended motion for protective order. The E/SA contend that the order departs from the essential requirements of law by allowing Claimant to take the adjuster’s deposition in the county where this action is pending instead of the county where the Servicing Agent has its principal place of business. We agree. *1234 Accordingly, we grant the petition and quash the challenged order.
BACKGROUND
On August 15, 2011, Claimant was injured while working for the Employer in Palm Coast, Flagler County, Florida. On July 20, 2012, Claimant filed a petition for benefits (PFB) seeking temporary indemnity benefits, proper calculation of her average weekly wage, and impairment benefits. The PFB is pending in the Daytona Beach District of the Office of Judges of Compensation Claims, which is responsible for claims arising in Flagler County. Cf. § 440.25(4)(d), Fla. Stat. (2011) (venue for a claim under the Workers’ Compensation Law is in the county where the injury occurred, unless otherwise agreed).
On October 3, 2012, Claimant served a notice of taking deposition duces tecum on the Servicing Agent’s corporate representative, the adjuster. The notice set the deposition in Palm Coast.
On October 11, 2012, the E/SA filed an amended motion for protective order seeking to quash the notice of taking deposition. The E/SA argued that the adjuster could not be required to travel sixty miles to attend a deposition outside of Orange County where she works for the Servicing Agent. In response, Claimant asserted that Flagler County was the proper county for the adjuster’s deposition because that is where injury occurred and the Employer’s business is located.
The Judge of Compensation Claims (JCC) denied the amended motion for protective order without a hearing in an order entered on October 13, 2012. The order concluded, without any analysis or case citations,[1] that “Claimant’s contention that [the adjuster’s] deposition may be appropriately scheduled in the county of venue is ... well taken.” This petition for writ of certiorari followed.
ANALYSIS
A petition for writ of certiorari is the proper remedy to review a non-final order granting discovery. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987) (“Orders granting discovery ... have traditionally been reviewed by certiorari.”); see also Triple Fish Am., Inc. v. Triple Fish Int’l, L.C., 839 So.2d 913, 914 n. 1 (Fla. 5th DCA 2003) (“Certio-rari review is available to review trial court orders requiring that depositions take place at an erroneous location.”). To obtain relief by certiorari, the petitioner must establish more than mere legal error; the petitioner must establish that the challenged order “depart[s] from the essential requirements of law and thus cause[s] material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.” Martin-Johnson, 509 So.2d at 1099.
The “irreparable harm” prong of the certiorari standard — i.e., material injury that cannot be remedied on appeal — is jurisdictional and must be considered first. See Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., L.L.C., 99 So.3d 450, 454-55 (Fla.2012). This prong is met here because requiring a *1235 deponent to appear for deposition at an erroneous location results in harm that cannot be remedied on appeal in that once the deposition is taken, it cannot be un-taken. See Dep’t of Highway Safety & Motor Vehicles v. Marks, 898 So.2d 1063, 1063 n. 1 (Fla. 5th DCA 2005) (noting that an order allowing for the taking of a deposition is one letting the “cat out of the bag” and thus causing irreparable harm if the order departs from the essential requirements of law). Thus, the focus in this case is on the “departure from the essential requirements of law” prong of the certiora-ri standard.
The Workers’ Compensation Law provides that depositions of witnesses or parties shall be taken in the manner prescribed by rules governing the taking of such depositions in civil actions in circuit court. See § 440.30, Fla. Stat. (2011). The Florida Rules of Civil Procedure set forth the procedure by which the deposition of a corporate representative of a party may be noticed, but the rules do not prescribe where the deposition is to be taken. See Fla. R. Civ. P. 1.310(b)(6). However, case law makes clear that the deposition of a defendant’s corporate representative is to be taken in the county where the corporation has its principal place of business if the defendant is seeking no affirmative relief in the proceeding. See, e.g., Fortune Ins. Co. v. Santelli, 621 So.2d 546, 547 (Fla. 3d DCA 1993).
In Fortune, the defendant filed a petition for writ of certiorari seeking review of an order denying its motion for protective order and requiring it to produce its corporate representative for a deposition in Dade County where the action was pending. Id. The defendant, who was not seeking affirmative relief in the underlying proceeding, argued that the deposition should be conducted in Duval County because that was where its principal place of business was located, the designated corporate representative worked and resided, and all of the documents and files were located. Id. The Third District agreed and quashed the order denying the defendant’s motion for protective order. Id. at 548.
The court explained that while a plaintiff can be required to be deposed in the forum where the action is pending, a defendant “will not be required to travel a great distance and incur substantial expenses to be deposed by the plaintiff, unless the defendant is seeking affirmative relief.” Id. at 547; accord Donahoo v. Matthews, 660 So.2d 391, 392 (Fla. 5th DCA 1995) (“Generally, a defendant will not be required to travel a great distance and incur substantial expense for the purpose of being deposed by a plaintiff, unless the defendant is seeking affirmative relief.”); Espana v. Redneris, 661 So.2d 1295, 1296 (Fla. 4th DCA 1995) (“The general rule is that a defendant not requesting affirmative relief is not required to travel to the forum of the action for a discovery deposition absent extraordinary circumstances.”). The court further explained that, under federal law, “the deposition of a representative of a corporate defendant is ordinarily taken at the corporation’s principal place of business, unless justice requires otherwise.” Fortune Ins. Co., 621 So.2d at 547. The court found this rule consistent with the rules of discovery under Florida law and accordingly held that the trial court departed from the essential requirements of law in denying the motion for protective order because “[Requiring the Petitioner to produce its corporate representative in Dade County [rather than Du-val County] would constitute an undue burden or expense on the Petitioner.” Id. at 547-48 (citing Fla. R. Civ. P. 1.280(c)). We agree with this analysis.
This case, like Fortune, involves a corporate defendant, the Servicing Agent, who *1236 is not seeking affirmative relief and whose headquarters, records, and corporate representative are all located in a different county (Orange County) than the county in which the action is pending and the deposition was set (Flagler County). As in Fortune, it would constitute “an undue burden or expense” on the Servicing Agent to produce its corporate representative for deposition in Flagler County, rather than in Orange County. Accordingly, consistent with the holding in Fortune, we conclude that the JCC departed from the essential requirements of law in denying the E/SA’s motion for a protective order.
We have not overlooked this court’s decision in Ormond Beach First National Bank v. J.M. Montgomery Roofing Company, 189 So.2d 289 (Fla. 1st DCA 1966), which was relied on by Claimant below and in her response to the petition for writ of certiorari. However, we find that case distinguishable because it involved the deposition of the corporate representative of the plaintiff, not a defendant. Id. at 243 (quashing protective order that precluded the defendant from taking the deposition of the plaintiffs corporate officers in the county where suit was pending); see also Comments to Fla. R. Civ. P. 1.310 (citing with approval federal decisions requiring the plaintiff to appear for deposition in county where action is pending); Chittick v. E. Air Lines, Inc., 403 So.2d 595, 597 (Fla. 1st DCA 1981) (affirming the dismissal of a claim for workers’ compensation benefits based on the claimant’s failure to attend her deposition in the county where the claim was pending, as directed by the deputy commissioner).
In sum, because the JCC departed from the essential requirements of law in denying the E/SA’s amended motion for protective order, we grant the petition for writ of certiorari and quash the challenged order. We need not remand for entry of the protective order sought by the E/SA (as was done in Fortune) because, according to Claimant, the adjuster’s deposition was set in Orange County after the petition for writ of certiorari was filed.[2]
PETITION GRANTED; ORDER QUASHED.
ROWE and MARSTILLER, JJ., concur.

. The order twice noted that the E/SA did not cite any authority supporting its contention that the adjuster’s deposition cannot be taken in the county where the PFB is pending. The amended motion for protective order was certainly not a model pleading, and its failure to cite any authority may help to explain the JCC's erroneous ruling. That, however, does not excuse the ruling or immunize it from review because JCCs have an independent obligation to research and be familiar with the law governing the issues presented to them for resolution. Cf. § 440.29(1), Fla. Stat. (2011).

. Claimant filed a motion to dismiss the petition as moot on this basis, but after considering the response in opposition to the motion filed by the E/SA, a motions panel of this court denied the motion "without prejudice to [Claimant]’s right to raise such grounds for dismissal in the response to the petition for writ of certiorari.” In her response to the petition, Claimant changed course and took the position that the case is not moot because she intends to seek sanctions against the E/SA based on the adjuster's failure to appear at the originally-noticed deposition after entry of the challenged order. Because of these potential collateral consequences, we elected to decide this case on the merits even though we conclude that the petition is indeed moot because the adjuster's deposition was set (and presumably held) in the proper county. See Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (explaining that a moot case should normally be dismissed unless [1] the questions raised are of great public importance or [2] likely to recur, or [3] collateral legal consequences affecting rights of a party flow from issue to be determined).