LAGOA, J.
Dan Euser Waterarchitecture, Inc. (“DEW”) petitions for certiorari review of a non-final order entered by the trial court, which denied its motion for protective order. The trial court ruled that DEWs corporate representative must appear for deposition in Miami-Dade County instead of at the location of DEW’s headquarters in Ontario, Canada. We grant the petition and quash the order.
“A defendant ... will not be required to travel a great distance and incur substantial expenses to be deposed by the plaintiff, unless the defendant is seeking affirmative relief. Thus, under Florida law a nonresident corporate defendant need not produce a nonresident corporate officer in Florida.” Fortune Ins. Co. v. Santelli, 621 So.2d 546, 547 (Fla. 3d DCA *684 1993) (citation omitted). Rather, where the corporate defendant is not seeking affirmative relief, the deposition of the corporate representative should ordinarily be taken at the corporation’s principal place of business. Id.
DEW is a Canadian corporation, having its principal place of business in Richmond Hill, Ontario, Canada. Its corporate representative is a resident of Ontario, Canada, and all of DEW’S documents and files relating to this litigation are located in Ontario, Canada. Moreover, DEW is not seeking any affirmative relief. Accordingly, DEW should not be required to produce its corporate representative in Miami-Dade County. “It has been said that there is an exception for ‘extraordinary circumstances,’ but no such circumstances have been shown to exist here.” Teledyne Indus., Inc. v. Mustang Ranch Aircraft, Inc., 753 So.2d 785, 785 (Fla. 3d DCA 2000) (citation omitted).
Because we conclude the trial court departed from the essential requirements of the law in denying DEW’s motion for a protective order, we grant the petition and quash the order under review. We remand with directions to grant the protective order.
Petition granted with directions.