PER CURIAM.
The petitioners seek certiorari review of an order that compels them, as California residents, to travel to Broward County, Florida, for their depositions. We grant the petition and quash the order. Teledyne Indus., Inc. v. Mustang Ranch Aircraft, Inc., 753 So.2d 785 (Fla. 3d DCA 2000); Ayer v. Bush, 696 So.2d 1333 (Fla. 4th DCA 1997); Donahoo v. Matthews, 660 So.2d 391 (Fla. 5th DCA 1995); Fortune Ins. Co. v. Santelli, 621 So.2d 546 (Fla. 3d DCA 1993); see also CVS Caremark Corp. v. Latour, 109 So.3d 1232, 1234-35 (Fla. 1st DCA 2013) (citing Triple Fish Am., Inc. v. Triple Fish Int’l, L.C., 839 So.2d 913, 914 n. 1 (Fla. 5th DCA 2003)).
Respondent law firm sued the petitioners individually, together with the business entities with which they are involved, for unpaid legal services provided to those entities. Respondent noticed the petitioners to appear for deposition in their individual capacity. It is well-settled that a defendant must be deposed in the county of his or her work or residence unless the defendant has sought affirmative relief or extraordinary circumstances exist. See Fla. R. Civ. P. 1.410(e)(2); Dan Euser *1173 Waterarchitecture, Inc. v. City of Miami Beach, 112 So.3d 683, 684 (Fla. 3d DCA 2013); Ayer, 696 So.2d at 1333; Espana v. Redneris, 661 So.2d 1295 (Fla. 4th DCA 1995). Petitioners are not seeking affirmative relief and respondents have failed to demonstrate that extraordinary circumstances exist, which would require petitioners’ appearance in Florida for deposition.

Petition granted and order quashed.

[1]

GERBER and KLINGENSMITH, JJ., concur.
WARNER, J., dissents with opinion.

. We deny respondent’s motion to dismiss as the previous directive that the petitioners appear "as scheduled” was issued within an order that permitted their attorneys to withdraw.