LAMBERT, J.
U.S. Bank National Association, as Trustee for the Certificateholders of Structured Asset Mortgage Investments, II, Inc., Bear Stearns Arm Trust, Mortgage Pass-Through Certificates, Series 2006-2 ("Bank"), seeks certiorari review of a nonfinal order that requires an individual who resides and works in Colorado to be deposed in Orange County, Florida. For the following reasons, we grant the petition and quash the order.
In 2011, Bank filed a verified complaint in Orange County to foreclose a mortgage against Paul Williamson and Kristi Williamson, among others. Five years later, Bank filed its first amended mortgage foreclosure complaint, which was verified by Nicholas Raab, an employee of Bank's loan servicer, Specialized Loan Servicing, LLC. See Wells Fargo Del. Tr. Co., N.A. v. Petrov , 230 So. 3d 575, 578 (Fla. 2d DCA 2017) (recognizing that "[s]ervicing agents routinely verify complaints filed by noteholder-plaintiffs"). Raab lives and works in Colorado.
Kristi Williamson responded to the amended complaint by moving to dismiss or for a more definite statement. In that same motion, Williamson alternatively moved to have Raab treated as Bank's "corporate officer" and that he be required to be deposed in Orange County "by mere notice alone." Bank objected, arguing that Raab was not its designated corporate representative and, thus, could not be compelled to appear in that capacity in Florida for his deposition. Following a non-evidentiary hearing, the trial court denied Williamson's motion to dismiss and for a more definite statement but granted her motion to compel Raab to be deposed in Orange County.
To obtain relief by certiorari, the petitioner must establish that the challenged order "depart[s] from the essential requirements of law and thus cause[s] material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal." CVS Caremark Corp. v. Latour , 109 So. 3d 1232, 1234 (Fla. 1st DCA 2013) (alterations in original) (quoting Martin-Johnson, Inc. v. Savage , 509 So. 2d 1097, 1099 (Fla. 1987) ). Certiorari review is available to review a trial court order requiring that a deposition be taken at an erroneous location, see Triple Fish Am., Inc. v. Triple Fish Int'l, L.C. , 839 So. 2d 913, 914 n.1 (Fla. 5th DCA 2003) (citing Donahoo v. Matthews , 660 So. 2d 391, 392 (Fla. 5th DCA 1995) ), because requiring an individual to appear at such a location "results in harm that cannot be remedied on appeal in that once the deposition is taken, it cannot be un-taken." CVS Caremark , 109 So. 3d at 1235 (citing Dep't of High. Saf. & Motor Veh. v. Marks , 898 So. 2d 1063, 1063 n.1 (Fla. 5th DCA 2005) ).
Preliminarily, we note that Raab is not a party to the underlying lawsuit. Generally, a person may only be required to *192 attend a deposition in the county where he or she resides, is employed, or transacts business in person. See Fla. R. Civ. P. 1.410(e)(2). Raab also appears to be an employee of Bank's servicing agent, which is a separate corporate entity, and is not employed by Bank. Nevertheless, Williamson seeks to depose Raab in Florida as Bank's designated corporate representative under Florida Rule of Civil Procedure 1.310(b)(6), which allows a party to depose a private corporation or association and to set forth with reasonable particularity in its notice of taking deposition the matters on which the corporate examination is requested. Bank does not contest that under this rule, it will be required to produce one of its officers, directors, managing agents, or other persons as its corporate representative for deposition in Orange County, Florida. See Ormond Beach First Nat'l Bank v. J.M. Montgomery Roofing Co. , 189 So. 2d 239, 243 (Fla. 1st DCA 1966) (holding that a plaintiff who has selected the forum in which to institute the action must be prepared to appear in the forum to give a deposition if properly served with notice to do so by the defendant). Nor does it challenge Williamson's ability to depose Raab in Colorado. What Bank does object to, and for which it seeks certiorari relief here, is that the trial court's order improperly allows Williamson to determine unilaterally that Raab will be Bank's corporate representative at the deposition in Florida. See Carriage Hills Condo., Inc v. JBH Roofing & Constructors, Inc. , 109 So. 3d 329, 335 (Fla. 4th DCA 2013) ("When a Rule 1.310(b)(6) deposition is properly noticed and conducted, the testimony of the designee 'is deemed to be the testimony of the corporation itself.' ").
Bank is correct. Under the plain and unambiguous language of rule 1.310(b)(6), Bank, and not Williamson, has the authority to designate one or more of its officers, directors, managing agents, or other persons as its corporate representative to testify at deposition on its behalf. We conclude that, at this stage of the proceedings, the trial court departed from the essential requirements of law in allowing Williamson to designate Raab unilaterally to be Bank's corporate officer and to compel his attendance in Orange County for deposition in this representative capacity. The order under review is quashed.[1]
PETITION GRANTED; ORDER QUASHED.
BERGER and EDWARDS, JJ., concur.

In doing so, we do not preclude Williamson from separately deposing Raab in Colorado. Nor do we suggest that Williamson is limited to deposing only the rule 1.310(b)(6) witness. See Sybac Solar, GMBN v. 6th Street Solar Energy Park of Gainesville, LLC , 217 So. 3d 1068, 1071-72 (Fla. 2d DCA 2017).