496 So.2d 796 (1986)
Kenneth Wayne HARDWICK, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
No. 69355.
Supreme Court of Florida.
September 22, 1986.
Opinion October 23, 1986.
*797 Larry Helm Spalding, Capital Collateral Representative, Mark E. Olive, Litigation Coordinator, and David Milford, Asst. Capital Collateral Representative of the Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondents.

ORDER
The Petition for Extraordinary Relief, for a Writ of Habeas Corpus is denied. The Request for Stay of Execution and Application for Stay of Execution Pending Disposition of Petition for Writ of Certiorari in the U.S. Supreme Court are denied.
The Court will file an opinion at a later date setting forth its reasons for the denial of the Petition.
No Motion for Rehearing will be entertained by the Court.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
BARKETT, J., dissents and would grant the Request for Stay of Execution.

OPINION
PER CURIAM.
Petitioner, Kenneth Hardwick, is a prisoner under sentence of death whose convictions and sentence of death were affirmed by this Court in Hardwick v. State, 461 So.2d 79 (Fla. 1984), cert. denied, 471 U.S. 1120, 105 S.Ct. 2369, 86 L.Ed.2d 267 (1985). Hardwick petitions this Court for a writ of habeas corpus and a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. We deny the requested relief.
Hardwick alleges that his appellate counsel was ineffective for failing to litigate two issues before this Court: the sufficiency of the evidence supporting his conviction, and the trial court's failure to instruct the jury in accordance with the defendant's proposed penalty phase instruction. Hardwick also seeks to have this Court reevaluate our prior holdings concerning the arbitrary application of the death penalty based on "race and other impermissible factors."
In support of this latter contention, Hardwick directs our attention to the fact that the United States Supreme Court has granted certiorari allegedly to review this issue in McCleskey v. Kemp, ___ U.S. ___, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986), and Hitchcock v. Wainwright, ___ U.S. ___, 106 S.Ct. 2888, 90 L.Ed.2d 976 (1986). Not only have we previously rejected this claim, see, e.g., Adams v. State, 449 So.2d 819 (Fla. 1984), we have also held that this claim cannot be raised for the first time in a habeas corpus proceeding. Stewart v. Wainwright, 494 So.2d 489 (Fla. 1986). Accordingly, Hardwick is procedurally barred from raising this issue in this petition.
*798 We reject Hardwick's claim that he received ineffective assistance of appellate counsel. The first claimed instance of ineffectiveness concerns appellate counsel's failure to litigate before this Court the trial judge's refusal to give the defense's requested jury instruction at the penalty phase of Hardwick's trial. The requested instruction was based on certain language used by this Court in Tedder v. State, 322 So.2d 908, 910 (Fla. 1975). We have never held such an instruction to be mandatory and, contrary to petitioner's assertions, the standard instruction which was given at petitioner's trial accurately informed the jury of its role in penalty phase proceedings. It was certainly not ineffective assistance of counsel to fail to raise this claim on appeal.
The second claimed instance of ineffective assistance concerns appellate counsel's failure to raise the issue of the sufficiency of the evidence supporting petitioner's convictions. While it arguably may have been a wiser strategy to present this argument, we cannot say that failure to do so was "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). In our review of cases involving imposition of the death penalty we have been confronted with a wide range of appellate strategies; some advocates raise every conceivable issue while others present only those issues the advocate feels are the most meritorious. There is no single correct approach. Further, this Court independently reviews each conviction and sentence to ensure they are supported by sufficient evidence. For instance, in petitioner's direct appeal we noted that his fingerprint was found to the left of the driver's side of the victim's vehicle, and his palm print was found on the bottom sheet of the victim's bed. Hardwick v. State, 461 So.2d 79, 80 (Fla. 1984). These facts coupled with the other evidence presented at petitioner's trial were sufficient to affirm the convictions and we cannot conclude that appellate counsel was ineffective for not arguing the point here.
Accordingly, Hardwick's petition for a writ of habeas corpus and request for stay of execution are denied.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.