515 So.2d 182 (1987)
Frank Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 68834.
Supreme Court of Florida.
October 22, 1987.
Rehearing Denied December 9, 1987.
*183 Michael D. Gelety, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen. and Amy Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant Frank Lee Smith appeals his conviction for first-degree murder and his sentence of death. He also appeals the sentence imposed on his conviction for burglary. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the convictions and sentences.
The victim, an eight-year-old female, was raped, sodomized, and beaten severely by a blunt instrument in her home at approximately 11 p.m. on April 14, 1985. She later died from the injuries. A rock used in the beating was found outside the room where the beating occurred. Two witnesses identified appellant as a man they had encountered in the street outside the home approximately thirty minutes before the crime. One of the witnesses testified that appellant made a homosexual solicitation to him and, when rebuffed, stated he would have to masturbate. The mother of the victim identified appellant as a man she saw leaning into the window when she returned home at approximately 11:30 p.m. and discovered the crime. Apparently as part of a burglary, a television set had been moved to the window where the appellant was seen. Appellant was arrested based on a composite drawing and identification by one of the witnesses after he returned to the neighborhood attempting to sell a television set. He waived his rights to remain silent and to have a lawyer present and denied he committed the crimes or had been in the neighborhood for months. However, when falsely told that the victim's young brother had seen him commit the crimes, appellant replied that the brother could not have seen him because it was too dark. The identifications were strenuously challenged by the defense, but the jury returned guilty verdicts on first-degree murder, sexual battery by a person eighteen years of age or older on a person eleven years of age or younger, and burglary with an assault. The jury recommended death by a vote of twelve to zero. The trial judge imposed a death sentence on the murder count, a life sentence with a twenty-five year minimum mandatory on the sexual battery conviction, and life imprisonment on the burglary charge. All sentences were consecutive.
Appellant presents seven issues for our consideration. He first argues that the state committed a discovery violation by submitting an additional witness list on the day of the trial and that the trial judge erred by not conducting a hearing in accordance with Richardson v. State, 246 So.2d 771 (Fla. 1971). This argument is meritless. The submission of an additional witness list is not a discovery violation. The trial judge followed Richardson by inquiring into the matter and granting appellant the right to depose the additional witnesses. This was apparently done and no further objections were heard.
Appellant next argues that there were repeated instances of prosecutorial misconduct which cumulatively denied him a fair trial. All but one of these claimed instances are procedurally barred by the failure to object at trial. Moreover, none have merit even if they were not procedurally barred. In the one instance clearly brought to the trial judge's attention, after the jury returned its verdict, a relative of appellant claimed that she had seen the prosecutor in the hallway coaching an identification witness by identifying the appellant for the witness. The trial judge inquired into the matter and found the relative's testimony incredible. We see no abuse of discretion.
*184 Appellant argues that the trial court erred in calling a court witness on request of the state which averred that it could not vouch for his credibility because of certain inconsistencies in his present recollection with previous statements. Although we have disapproved of calling such witnesses as court witnesses, the error here was harmless. The judge asked no questions of the witness and did not depart from a posture of impartiality. The state was permitted to refresh the witnesses' present recollection by reference to previous statements but was not permitted to lead the witness. Several objections to leading questions were in fact sustained. The witness exhibited a hazy recall of non-essential particulars of previous statements and was severely cross-examined by defense counsel on these particulars. However, on the critical point of his testimony, he unequivocally identified appellant in court as the man he had seen on the street just prior to the crimes and as the man he had previously identified in photographic and live lineups.
Appellant argues that the evidence is insufficient to support the convictions because it is largely circumstantial and is not inconsistent with a reasonable hypothesis of innocence. We disagree. The test is whether there is substantial, credible evidence which the jury could have determined excluded all reasonable hypotheses of innocence. Ross v. State, 474 So.2d 1170 (Fla. 1985); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983). In support, appellant argues that the eyewitness testimony placing him at the crime scene is questionable. This argument was made to the jury and obviously it found the testimony credible. The evidence supports a jury determination that appellant was at the crime scene prior to the crimes and, more significantly, was chased from the scene within minutes of the sexual battery and murder after having been discovered committing a burglary in the home of the victim. This evidence, coupled with appellant's inculpatory statement to the police, is substantial and credible and thus legally sufficient to support the convictions. It is not for us to substitute our judgment for that of the jury. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
Appellant argues that the trial court made a series of erroneous rulings which cumulatively denied him a fair trial. None of these claims have any merit sufficient to warrant discussion.
Appellant next argues that the trial court erred in departing from the sentencing guidelines on the conviction for burglary with assault. In support of the departure, the trial judge found (1) that appellant was a habitual offender; (2) that appellant had four unscoreable convictions, namely, a juvenile adjudication for manslaughter in 1960, a first-degree murder conviction in 1966, and first-degree murder and sexual battery convictions in 1986; and (3) that particular cruelty and excessive force was used. We agree that the habitual offender statute is an invalid reason for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986). However, reasons two and three are valid and substantial reasons for departure and the trial court stated for the record that it would depart from the guidelines based on these alone. Moreover, on reason two the habitual offender classification is largely based on unscoreable convictions which are not encompassed within the guidelines. Thus, our reasoning in Whitehead that the habitual offender statute covers the same ground as the scoring of the criminal offenses under the guidelines is not applicable. We are satisfied that the state has shown beyond a reasonable doubt that the trial judge would have departed from the guidelines sentence based on the valid reasons in the absence of reason one. Albritton v. State, 476 So.2d 158 (Fla. 1985).
Appellant's next issue concerns the imposition of the death penalty. In his written findings under section 921.141, Florida Statutes (1985), the sentencing judge found no mitigating circumstances and five aggravating circumstances: (1) section 921.141(5)(a), the capital felony was committed by a person under sentence of imprisonment; (2) section 921.141(5)(b), appellant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person; (3) section 921.141(5)(d), the capital felony was committed while the appellant was engaged, or was an accomplice, in the commission of, or an attempt to commit, or flight after committing or attempting to commit a sexual battery and burglary with assault; (4) section 921.141(5)(h), the capital felony was especially heinous, atrocious, or cruel; and (5) section 921.141(5)(i), the capital felony was committed in a cold, calculated, and premeditated manner without any *185 pretense of moral or legal justification. Reasons one through three are not controverted. Appellant was on parole from a previous sentence for first-degree murder and was convicted in the instant case of both sexual battery and burglary with assault. On reason four, the child victim was brutally raped, sodomized, and beaten to death with a rock. She suffered extensive pain from injuries to her vagina and anus and from being repeatedly struck on the head with the rock. This is heinous, atrocious, and cruel by any standard. On reason five, appellant argues that there was insufficient evidence of heightened premeditation. The trial judge reasoned that the rock used to bludgeon the child to death was not of a type found in the immediate vicinity of the home and that obtaining such a weapon demonstrated heightened premeditation. We agree with appellant on this point. The evidence does not rise to the level of heightened premeditation exceeding a premeditated first-degree murder which is necessary to support this aggravating circumstance. Hardwick v. State, 461 So.2d 79 (Fla. 1984), cert. denied, 471 U.S. 1120, 105 S.Ct. 2369, 86 L.Ed.2d 267 (1985).
Appellant next argues that the judge erred in not finding the mitigating circumstances of being under extreme mental or emotional disturbance with diminished capacity and of a deprived childhood. The judge heard evidence and gave consideration to these factors. We see no abuse of discretion in the judge's findings. White v. State, 446 So.2d 1031, 1036 (Fla. 1984); Daugherty v. State, 419 So.2d 1067, 1071 (Fla. 1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983). Appellant also argues that the judge erred in permitting evidence of a 1960 manslaughter conviction, committed when appellant was a juvenile, to be introduced. The state voluntarily chose not to introduce evidence of this conviction as direct evidence but reserved the right to introduce the conviction as rebuttal evidence. When a relative of appellant testified that appellant would never harm anyone, the state was permitted to ask if she knew of the manslaughter where appellant stabbed a schoolmate to death when the schoolmate refused to surrender small change. This was proper impeachment. We see no error.
Appellant's final argument is that the jury's role was denigrated in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), by advising it that its recommendation was advisory and that the judge was the ultimate sentencer. This is a correct statement of the law. We are satisfied that the jury instructions properly stress the importance of the jury role in making its advisory recommendation. Aldridge v. State, 503 So.2d 1257, 1259 (Fla. 1987); Pope v. Wainwright, 496 So.2d 798, 804 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987).
Although we find that one of the five aggravating circumstances relied on by the trial court was invalid, we approve the death sentence on the basis that a jury recommendation of death is entitled to great weight and there were no mitigating circumstances to counterbalance the four valid aggravating circumstances. Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984); Clark v. State, 443 So.2d 973 (Fla. 1983), cert. denied, 467 U.S. 1210, 104 S.Ct. 2400, 81 L.Ed.2d 356 (1984); Ross v. State, 386 So.2d 1191, 1197 (Fla. 1980); LeDuc v. State, 365 So.2d 149, 151 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 175, 62 L.Ed.2d 114 (1979).
We affirm the convictions and sentences.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.