624 So.2d 282 (1993)
Kern Ron DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2390.
District Court of Appeal of Florida, Third District.
August 3, 1993.
Rehearing Denied October 19, 1993.
*283 Holland and Knight and Manuel L. Dobrinsky, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and GODERICH, JJ.
FERGUSON, Judge.
The dispositive issue presented in this appeal from an order denying post-conviction relief after an evidentiary hearing is whether pre-hearing discovery is available to a petitioner on a motion which alleges ineffective assistance of counsel.
Davis was convicted of armed robbery of a drive-in convenience store. The single question at trial was whether the theft was committed with the use of any firearm or weapon. The defendant admitted that he simply drove away with a small amount of groceries without paying. The State, through a single witness, convinced the jury that the defendant used a firearm.
At trial, the jury heard a taped confession of the defendant where he also admitted to cocaine addiction. When defense counsel stood to object, he was reminded of his prior stipulation that the tape would be admitted as evidence. Afterwards there was no further objection. In closing argument, the prosecutor urged the jury to consider the defendant's drug addiction in passing on his credibility. Davis also contends that the prosecutor's bolstering of its single witness as a credible former police officer  although he was also a felon  should have been objected to by his attorney and that the combination of omissions made the difference in what was a very close case on the evidence. In affirming the robbery conviction on direct appeal, we observed that it was a close case:
We agree that (a) the combined effect of the first two of the complained-of arguments were sufficiently improper, and (b) the evidence at trial was otherwise sharply in conflict as to whether a robbery or petit theft was committed by the defendant, that reversible error would have been presented if ... (a) the defendant had properly objected to these two arguments or moved for a mistrial based thereon, and (b) the trial court had overruled the objection or denied the motion for mistrial.
Davis v. State, 590 So.2d 496, 497 (Fla. 3d DCA 1991).
It is the defendant's burden, on a claim of ineffective counsel, to "overcome the presumption that, under the circumstances, the challenged action of his attorney `might be considered sound trial strategy'". Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA), rev. denied, 480 So.2d 1296 (Fla. 1985); Anderson v. State, 467 So.2d 781 (Fla. 3d DCA), rev. denied, 475 So.2d 693 (Fla. 1985). In attempting to meet that burden, Davis issued a subpoena to depose his former attorney. The court granted the State's motion to quash the subpoena on the ground that there was no right to pre-hearing discovery. Davis contends that with discovery he would have learned whether the attorney was prepared for trial and what the strategy was, if any, in stipulating to the admission of all of the taped confession and in failing to move for a mistrial after the State's egregious closing argument.
At the hearing, the court precluded questioning of the former attorney regarding his strategy in allowing Davis's admission of cocaine addiction to be heard by the jury for the reason that it had not been alleged as part of the ineffectiveness claim. To the last point, Davis responds that he could not refer to the taped statement because it had not been stenographically recorded for the record and that he was not able to state the *284 claim because of an inability to question the former attorney.
Relying on general discovery rules, both criminal and civil, Davis claims that he has an unfettered right to pre-hearing discovery on a claim of ineffective assistance of counsel. Looking exclusively to Florida Rule of Criminal Procedure 3.850(d), governing procedures for evidentiary hearings, the State contends it may be inferred from the absence of any provision for discovery that it was intended that the defendant not have the ability to convert the collateral proceeding into a new full-fledged original proceeding.
We reject both extreme views and opt instead for allowing limited pre-hearing discovery at the trial judge's discretion. In most cases any grounds for post-conviction relief will appear on the face of the record. On a motion which sets forth good reason, however, the court may allow limited discovery into matters which are relevant and material, and where the discovery is permitted the court may place limitations on the sources and scope. On review of an order denying or limiting discovery it will be the defendant's burden to show that the discretion has been abused.
On the facts of this case we conclude that the court abused its discretion in denying a pre-hearing deposition of the attorney. Of course the danger for the defendant, as noted by Chief Judge Schwartz dissenting in Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983) (en banc), is that "the professional self interest of the (now-previous) attorney will be in unseemly direct conflict with that of his former client." Id. at 254. Nevertheless, if it is deemed the defendant's best hope for a new trial, he should be allowed to examine his prior counsel before the hearing. An argument may well be made, based on the record in this case, that the alleged acts of incompetence were not, as the State suggests, part of a sound trial strategy.
Reversed and remanded for further consistent proceedings.