656 So.2d 1248 (1994)
STATE of Florida, Appellant,
v.
Lawrence Francis LEWIS, Appellee.
Frank Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82930, 78199.
Supreme Court of Florida.
October 27, 1994.
Rehearings Denied April 13 and July 5, 1995.
Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR, Thomas H. Dunn, Sp. Asst. CCR, and Gail E. Anderson, Todd G. Scher, Stephen M. Kissinger and John S. Sommer, Asst. CCRs, Office of the Capital Collateral Representative, Tallahassee, for appellant/appellee.
Robert A. Butterworth, Atty. Gen. and Sara D. Baggett, Asst. Atty. Gen., West Palm Beach, for appellee/appellant.
SHAW, Justice.
We review the orders of the Circuit Court of the Seventeenth Judicial Circuit, in and *1249 for Broward County, Florida, in the cases of State v. Lewis, No. 87-9095CF10 (Fla. 17th Cir.Ct. Oct. 11, 1993), and Smith v. State, No. 85-4654CF (Fla. 17th Cir.Ct. Jan. 6, 1994), pursuant to jurisdiction granted under article V, section 3(b)(1) of the Florida Constitution. Given the similarity of issues, we have consolidated the cases for our review.

Lawrence Francis Lewis
Lewis was convicted of first-degree murder and sentenced to death by Judge Stanton S. Kaplan of the Broward County Circuit Court. The conviction and sentence were affirmed in Lewis v. State, 572 So.2d 908 (Fla. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). In 1992, Lewis filed a 3.850 motion before Judge Kaplan, but sought to disqualify the judge from presiding over the proceeding by asserting that Judge Kaplan: (1) had a personal relationship with Lewis's trial counsel; (2) harbored an animosity towards Lewis; (3) made inappropriate remarks while being interviewed on a television news program; and (4) had a conflict of interest based on the funding methods of the Seventeenth Judicial Circuit (which includes Broward County).[1] Judge Kaplan granted Lewis's motion and disqualified himself. Thereafter, Lewis caused the judge to be served with a witness subpoena for the purpose of taking his deposition.[2] The trial court denied the State's motion to quash the subpoena, the State sought review, and the Fourth District Court of Appeal transferred the case to this Court.

Frank Lee Smith
Smith was convicted of first-degree murder and sentenced to death by Judge Robert W. Tyson of the Broward County Circuit Court. The conviction and sentence were affirmed in Smith v. State, 515 So.2d 182 (Fla. 1987), cert. denied, 485 U.S. 971, 108 S.Ct. 1249, 99 L.Ed.2d 447 (1988). After the Governor signed his death warrant, Smith filed a motion for post-conviction relief and a request for a stay of execution. We reversed the trial court's denial of Smith's motion for post-conviction relief and remanded for an evidentiary hearing. Smith v. State, 565 So.2d 1293 (Fla. 1990). After the evidentiary hearing, the trial court again denied Smith's motion for post-conviction relief. Smith appealed, alleging that Judge Tyson engaged in ex parte communications with the prosecutor when preparing the order that denied Smith's motion. We temporarily relinquished jurisdiction to the trial court for the purpose of "getting the facts" relevant to the alleged ex parte communications. Smith subpoenaed Judge Tyson for the purpose of taking his deposition. The State filed a motion to quash and a motion for a protective order asserting that Smith failed to follow the procedures established in Davis v. State, 624 So.2d 282 (Fla. 3d DCA 1993). The trial court denied the motion to quash, but granted a protective order limiting Smith's inquiry to the facts surrounding the order's preparation. The State filed an emergency motion seeking review in this Court and we granted a stay of the circuit court proceedings pending our disposition of the review proceedings in Lewis and Davis. On February 4, 1994, we consolidated Lewis and Smith.
These two cases present the following issues: (1) can parties engage in pre-hearing discovery when pursuing post-conviction claims pursuant to Florida Rule of Criminal Procedure 3.850; and (2) if such discovery is permitted, may the parties depose the trial judge? We answer both issues in the affirmative, and find that it is within the trial judge's inherent authority, rather than any express authority found in the Rules of Criminal Procedure, to allow limited discovery. In this vein, we find the procedures established in Davis persuasive and adopt the following paragraph as our own:

*1250 In most cases any grounds for post-conviction relief will appear on the face of the record. On a motion which sets forth good reason, however, the court may allow limited discovery into matters which are relevant and material, and where the discovery is permitted the court may place limitations on the sources and scope. On review of an order denying or limiting discovery it will be the [moving party's] burden to show that the discretion has been abused.
624 So.2d at 284. The trial judge, in deciding whether to allow this limited form of discovery, shall consider the issues presented, the elapsed time between the conviction and the post-conviction hearing, any burdens placed on the opposing party and witnesses, alternative means of securing the evidence, and any other relevant facts. See People ex rel. Daley v. Fitzgerald, 123 Ill.2d 175, 121 Ill.Dec. 937, 941, 526 N.E.2d 131, 135 (1988). This opinion shall not be interpreted as automatically allowing discovery under rule 3.850, nor is it an expansion of the discovery procedures established in rule 3.220. We conclude that this inherent authority should be used only upon a showing of good cause.
We also find that a party may be allowed to take post-conviction depositions of the judge who presided over the trial only when the testimony of the presiding judge is absolutely necessary to establish factual circumstances not in the record, provided the requirements set forth above are fulfilled and the judge's thought process is not violated. See United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941) (a judge's thought process relevant to judicial decisions is not within the purview of an examination). The judge may refuse to answer any question which the judge deems intrusive. See Charles W. Ehrhardt, Florida Evidence, § 607.1, at 366 & n. 1 (1994) ("Generally judges cannot be compelled to testify as to matters concerning their judicial duties.").[3]
We deny the State's request that we quash the orders of the trial courts; we instead remand Lewis and Smith to their respective trial courts so that the presiding judges may determine whether post-conviction pre-hearing discovery should be allowed.
It is so ordered.
GRIMES, C.J., OVERTON, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Lewis alleged that the Seventeenth Judicial Circuit funds the appointments of special assistant public defenders for capital cases, expert witnesses, and judicial capital expenditures from the same county fund; that Judge Kaplan negotiated lesser fees with special assistant public defenders in order to increase the funds available for judicial capital expenditures; and that this required the public defenders to seek out expert witnesses on the basis of economy as opposed to competence.
[2] Lewis asserts that the subpoena was premised on his belief that the judge possessed additional information that would support his claims for relief.
[3] We emphasize that requesting a subpoena or a discovery deposition of the assigned trial judge in a case should not be utilized as a technique to disqualify the original trial judge from further hearings in the case. The need to have a trial judge testify is very limited in scope and particularly applies only to factual matters that are outside the record.