PER CURIAM.
We reverse defendant’s conviction and sentence for resisting arrest without violence. The state introduced testimony of the arresting officer that defendant had given him the “name of Lamar, the first name of Lamar, and the last name, I forget what it was, or vice versa.” Defendant testified at trial that his name was Eddie Lamar Grant. This testimony was unrebutted.
Defendant argues that the evidence was insufficient to support the conviction. We agree. “The test is whether there is substantial, credible evidence which the jury could have determined excluded all reasonable hypotheses of innocence.” Smith v. State, 515 So.2d 182, 184 (Fla.1987). Here, defendant’s reasonable hypothesis of innocence was not refuted.[1] The court erred in denying defendant’s motion for judgment of acquittal on this charge. Defendant does not assert error as to any other convictions, and we do not disturb those convictions here.
Reversed and remanded.

. We note that the arrest form, upon which the court relied in denying the motion, was not introduced into evidence.