708 So.2d 253 (1998)
Frank Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 78199.
Supreme Court of Florida.
January 22, 1998.
Rehearing Denied April 8, 1998.
*254 Gregory C. Smith, Capital Collateral Regional Counsel, Northern Region, and Stephen M. Kissinger, Chief Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Peter Warren Kenny, Capital Collateral Regional Counsel, Southern Region, and Martin J. McClain, Litigation Director, Office of the Capital Collateral Regional Counsel, Southern Region, Miami, for Appellant.
Robert A. Butterworth, Attorney General, and Sara D. Baggett, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
Frank Lee Smith appeals an order entered by the trial court below pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), (7), Fla. Const.
The procedural history of this case is set forth in State v. Lewis, 656 So.2d 1248 (Fla. 1994),[1] as follows:
Smith was convicted of first-degree murder and sentenced to death by Judge Robert W. Tyson of the Broward County Circuit Court. The conviction and sentence were affirmed in Smith v. State, 515 So.2d 182 (Fla.1987), cert. denied, 485 U.S. 971, 108 S.Ct. 1249, 99 L.Ed.2d 447 (1988). After the Governor signed his death warrant, Smith filed a motion for post-conviction relief and a request for a stay of execution. We reversed the trial court's denial of Smith's motion for post-conviction relief and remanded for an evidentiary hearing. Smith v. State, 565 So.2d 1293 (Fla.1990). After the evidentiary hearing, the trial court again denied Smith's motion for post-conviction relief. Smith appealed, alleging that Judge Tyson engaged in ex parte communications with the prosecutor when preparing the order that denied Smith's motion. We temporarily relinquished jurisdiction to the trial court for the purpose of "getting the facts" relevant to the alleged ex parte communications. Smith subpoenaed Judge Tyson for the purpose of taking his deposition. The state filed a motion to quash and a motion for a protective order asserting that Smith failed to follow the procedures established in Davis v. State, 624 So.2d 282 (Fla. 3d DCA 1993). The trial court denied the motion to quash, but granted a protective order limiting Smith's inquiry to the facts surrounding the order's preparation. The State filed an emergency motion seeking review in this Court and we granted a stay of the circuit court proceedings pending our disposition of the review proceedings in Lewis and Davis. On February 4, 1994, we consolidated Lewis and Smith.

Id. at 1249.[2]
In August 1996, the trial court, with Judge Mark A. Speiser presiding, held an evidentiary hearing on the alleged ex parte communication. Smith now appeals the trial court's second denial of post-conviction relief, raising two issues: (1) whether Judge Tyson engaged in improper ex parte communications with state attorney Paul Zacks and (2) whether newly discovered evidence establishes that Smith's conviction and sentence are constitutionally unreliable.[3] Our resolution *255 of the first issue renders the second issue moot.
The record reflects that the trial court may have engaged in at least three separate ex parte communications with the state during the pendency of Smith's rule 3.850 motion. The first communication occurred when Judge Tyson telephoned state attorney Zacks to prepare the order denying relief. The second occurred[4] when Judge Tyson called Zacks and asked him to make a deletion in the order. The third occurred when Judge Tyson discussed with Zacks Smith's motion to disqualify him. We reject the State's argument that Smith's due process rights were not violated by the ex parte communications because he had ample opportunity to object to the substance of the proposed order. In Rose v. State, 601 So.2d 1181 (Fla.1992), we explained that
[n]othing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant. Even the most vigilant and conscientious of judges may be subtly influenced by such contacts. No matter how pure the intent of the party who engages in such contacts, without the benefit of a reply, a judge is placed in the position of possibly receiving inaccurate information or being unduly swayed by unrebutted remarks about the other side's case. The other party should not have to bear the risk of factual oversights or inadvertent negative impressions that might easily be corrected by the chance to present counter arguments....
... The most insidious result of ex parte communications is their effect on the appearance of the impartiality of the tribunal. The impartiality of the trial judge must be beyond question.
Id. at 1183.
At the August 1996 hearing, Judge Tyson testified that Zacks convinced him to change his mind about the order denying Smith's relief. In the judge's own words:
[JUDGE TYSON]: I told [Zacks] I wanted him to prepare an order along the following lines. I told him I wanted him to prepare an order.
....
[T]hereafter the order came down, and I believe I looked at the order. It appeared to be okay, but I think there might be one question about it that I wanted to have something deleted.
I called himI think I called him up to have something deleted. He changed my mind. I left it in, I think; but in any event, that was it.
(Emphasis added.) Based on our review of the record, and especially the foregoing testimony, we conclude that the "impartiality of the tribunal" was compromised and the ex parte communications were improper. "[A] judge should not engage in any conversation about a pending case with only one of the parties participating in that conversation."[5] We therefore vacate the order denying Smith's motion for post-conviction relief and remand with directions for Judge Speiser to conduct a new evidentiary hearing on the newly discovered evidence issue[6] within sixty (60) days.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] The facts are set out fully in Smith v. State, 515 So.2d 182 (Fla.1987).
[2] See State v. Lewis, 656 So.2d 1248, 1250 (Fla. 1994) ("[A] party may be allowed to take post-conviction depositions of the judge who presided over the trial only when the testimony of the presiding judge is absolutely necessary to establish factual circumstances not in the record, provided the requirements set forth above are fulfilled and the judge's thought process is not violated.")
[3] Smith claimed that a key identification witness, Chiquita Lowe, recanted her trial testimony wherein she identified Smith as the man she had seen in front of the victim's house an hour or so before the murder, and was now indicating that the man she saw was Eddie Lee Mosley.
[4] We recognize that Judge Tyson testified that he had asked the attorneys if they objected to him calling the attorney for the party in whose favor he decided to rule to prepare the order. He said he understood the attorneys to have agreed to this procedure. Smith's attorney contended that he had objected to such procedure.
[5] Id. ("Obviously, we understand that this would not include strictly administrative matters not dealing in any way with the merits of the case.").
[6] See supra note 3.