715 So.2d 334 (1998)
James Landon VENCIL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 98-629.
District Court of Appeal of Florida, First District.
August 3, 1998.
*335 James Landon Vencil, Jr., Appellant, pro se.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
James Landon Vencil, Jr. appeals from an order denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. In light of the trial court's reliance on matters not contained in the record in denying appellant's motion, we reverse.
The appellant filed a motion for postconviction relief pursuant to rule 3.850, claiming that the court used an incorrect guidelines score sheet when imposing the sentence, and that his counsel was ineffective for failure to ensure that a correct guidelines score sheet was used in the sentencing proceedings. The trial court contacted the Bay County Probation Office and discovered that the guidelines score sheet had been calculated inaccurately; the probation office advised the judge as to what corrections should be made to appellant's score sheet. Relying on his conversation with the Bay County Probation Office, the trial court changed the score sheet and announced the changes in the order being appealed. Relying on this information, the trial court concluded that notwithstanding the errors, appellant's seven-year sentence was still within the recommended sentence range after the changes and that appellant, therefore, had no basis to object to trial counsel's representation and was not entitled to postconviction relief.
Among other things, the probation department provided the trial court with information concerning a prior conviction which had not been contained in the guidelines score sheet utilized at the time of sentencing. The probation department apparently also provided information addressing appellant's contentions regarding the guidelines score sheet.
Rule 3.850(d) requires specific procedures to take place in the trial court in dealing with rule 3.850 motions:
On filing a rule 3.850 motion, the clerk shall forward the motion and file to the court. If the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the prisoner is entitled to no relief shall be attached to the order.... If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and shall ... make findings of fact and conclusions of law with respect thereto.
The portions of the record attached to the trial court's order in this case (the transcript of the sentencing hearing and the original guidelines score sheet with the judgment and sentence) are insufficient to refute the alleged errors in the guidelines score sheet and the proper scoring of items disputed by the appellant in his 3.850 motion. There is no information attached to the order which would support the trial court's determination that there was an error in the original score sheet or what the corrected information should be. Furthermore, the court states in the order that he learned of an error in the score sheet by contacting the Bay County Probation Office. A trial court cannot deny a 3.850 motion without an evidentiary hearing on the basis of information which is obtained by the court after a petitioner files a 3.850 motion and from sources *336 outside the record. See Mims v. State, 672 So.2d 662, 663 (Fla. 1st DCA 1996). The trial court's reliance on its communication with the probation office to change the appellant's score sheet calculation constitutes error.
As noted by the supreme court in Smith v. State, 708 So.2d 253, 255 (Fla.1998), "[t]he other party should not have to bear the risk of factual oversights or inadvertent negative impressions that might easily be corrected by the chance to present counter arguments." (quoting Rose v. State, 601 So.2d 1181, 1183 (Fla.1992)). The appellant in this case did not have an opportunity to rebut the information provided to the court or to present any counter information. We, therefore, reverse and remand for further proceedings consistent with this opinion.
ALLEN and DAVIS, JJ., concur.