PER CURIAM.
 

 The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which the trial court treated as a timely rule 3.850 motion. We affirm in part and reverse in part.
 

 In his first claim, the appellant alleges that the trial court departed from the statutory maximum without providing a written reason for the departure. However, the trial court did not need to provide a written reason for departure because it sentenced the appellant to the lowest permissible sentence under the Criminal Punishment Code.
 
 See
 
 Fla. R.Crim. P. 3.704(d)(25). Thus, the trial court properly denied the appellant’s first claim.
 

 In his second claim, the appellant alleges that defense counsel failed to ensure the accuracy of his scoresheet, which he claims includes prior convictions of seven other people named James Moorer, most of whom have different middle initials.
 

 In response to a show-cause order issued by the trial court, the State provided documents and notes indicating that a proper scoresheet would have resulted in a longer sentence. The trial court summarily denied the appellant’s motion on the basis of this evidence. However, where the trial court obtains the relevant evidence from outside the record after the petitioner files a rule 3.850 motion, it cannot deny the motion without an evidentiary hearing.
 
 See Vencil v. State,
 
 715 So.2d 334 (Fla. 1st DCA 1998). Thus, the trial court improperly denied the appellant’s second claim.
 

 We therefore affirm the trial court’s denial of the appellant’s first claim and reverse the denial of his second claim and remand for further proceedings.
 

 AFFIRMED IN PART and REVERSED IN PART.
 

 WOLF, PADOVANO, and THOMAS, JJ., concur.