Stewart Charles BOND, Appellant,

v.

STATE of Florida, Appellee.

CASE NO. 1D15–5945

District Court of Appeal of Florida,
First District.

Opinion filed December 30, 2016.

Stewart Charles Bond, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant has sought review of an order of the circuit court denying four motions seeking discovery in appellant's post-conviction proceeding. Because the court has not yet rendered a final order disposing of appellant's motion for post-conviction relief, however, we conclude that the appeal is premature.

A trial court has discretion to allow limited discovery in post-conviction proceedings, and review of an interlocutory ruling on discovery is available in the appeal from the final order disposing of the motion for post-conviction relief. See Davis v. State, 624 So.2d 282 (Fla. 3d DCA 1993) (reviewing order denying post-conviction discovery during appeal from subsequent order

denying post-conviction relief). Here, however, no final order disposing of appellant's motion for post-conviction relief has been rendered.

In June 2015, appellant filed with the Florida Supreme Court a petition for writ of habeas corpus collaterally attacking his criminal judgment and sentence. The petition was transferred to the circuit court, which treated it as seeking post-conviction relief pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850. The court denied the motion without prejudice to file a facially sufficient motion, resulting in a non-final, non-appealable order. See Fla. R. Crim. P. 3.850(f)(2). An appeal of that order was dismissed without prejudice to seek appellate review upon rendition of a final order disposing of appellant's motion for post-conviction relief. See Bond v. State, 185 So.3d 699 (Fla. 1st DCA 2016).

No final order disposing of appellant's motion for post-conviction relief has yet been rendered. Accordingly, the instant appeal from the interlocutory order denying appellant's motions for post-conviction discovery is premature. DISMISSED.

ROBERTS, C.J., ROWE and WINSOR, JJ., CONCUR.