# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0657
Lower Tribunal No. F12-15851
_____

**Silvio Rojas Narvaez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Zachary James, Judge.

Silvio Rojas Narvaez, in proper person.

Ashley Moody, Attorney General, for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

LINDSEY, J.

Pro se Appellant (Defendant below) Silvio Rojas Narvaez appeals from the summary denial of his motion for postconviction DNA and fingerprint testing of a Swiss Army knife, which was used during the commission of the crime for which he was convicted. Because the record conclusively shows that (1) there is no reasonable probability Defendant would have been acquitted or received a lesser sentence if DNA evidence had been admitted and (2) Defendant failed to show good cause for postconviction fingerprint analysis, we affirm.

In 2012, Defendant was charged with the murder of his girlfriend. Defendant confessed to killing the victim in a post-Miranda police interview. According to Defendant himself, he and the victim began arguing when he came home from work. The victim grabbed a Swiss Army knife and threatened Defendant. He hit her twice in the face, causing her to drop the knife. Defendant then picked up the knife and stabbed the victim in the stomach. Moments later, Defendant used a large kitchen knife to cut the victim's neck, which ultimately resulted in her death. Defendant also admitted to using the kitchen knife to cut his own wrists because he felt guilty for what he had done.

A jury found Defendant guilty of second-degree murder, and he was sentenced to life in prison. In November 2022, Defendant filed the underlying

Motion for Postconviction DNA and Fingerprint Testing of the Swiss Army knife. Defendant contends, contrary to his own confession, that DNA and fingerprint evidence would show that the victim attacked Defendant with the Swiss Army knife and used the knife to cut Defendant's wrists and that Defendant then used the kitchen knife to defend himself. The trial court denied Defendant's motion, concluding that "Defendant's claims are clearly refuted by the law and the record, and he is not entitled to an evidentiary hearing." Defendant appeals.[1]

We agree with the trial court that Defendant is not entitled to postconviction discovery of DNA or fingerprint evidence. Defendant's request for postconviction DNA testing is governed by Florida Rule of Criminal Procedure 3.853. Under the rule, the trial court is required to make certain findings when ruling on a motion for postconviction DNA testing. Relevant here is 3.853(c)(5)(C), which is "[w]hether there is a reasonable probability that the movant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial."

Based on the record before us, we agree with the trial court that "there is no reasonable probability that the Defendant would have been acquitted

_____

[1] Defendant did not file an initial brief.

or would have received a lesser sentence if the DNA evidence had been admitted at trial."  As the trial court explained:

> [T]here is no issue as to identity or question as to who slashed the victim's neck, and there is no question that both the victim and Defendant held the subject knife during the incident. The Defendant provided a confession excluding any other person from the scene, and he admitted to fatally slicing the victim's neck and then inflicting knife wounds on himself. Any DNA analysis of the knife would not reveal anything relevant or material: It would not provide any information on who handled the knife first or last, precisely when it was used, or how it was used. The Defendant's attorney did the best he could with the insurmountable evidence presented by the State against the Defendant, and the jury did not believe the defense's theories that the victim's death was the result of a mistake, accident, or mutual fray. There is no reasonable probability that DNA analysis of a knife admittedly held by both the victim and the Defendant would have resulted in the Defendant's acquittal or lesser sentence.

(Record citations omitted).

We also agree with the trial court that Defendant is not entitled to postconviction fingerprint testing of the Swiss Army knife.  With respect to the scope and availability of postconviction discovery, our Supreme Court has held that "it is within the trial judge's inherent authority, rather than any express authority found in the Rules of Criminal Procedure, to allow limited discovery."  State v. Lewis, 656 So. 2d 1248, 1249 (Fla. 1994); see also

4

<u>Muhammad v. State</u>, 132 So. 3d 176, 204 (Fla. 2013). Moreover, the following parameters apply:

> [T]he motion seeking discovery must set forth good reason; the court may grant limited discovery into matters which are relevant and material; the court may set limits on the sources and scope of such discovery; and on review of orders limiting or denying discovery, the moving party has the burden of showing an abuse of discretion.

<u>Rodriguez v. State</u>, 919 So. 2d 1252, 1279 (Fla. 2005), <u>as revised on denial of reh'g</u> (Jan. 19, 2006).

We have no trouble concluding that the trial court did not abuse its discretion when it summarily denied Defendant's request for postconviction fingerprint testing. We agree with the trial court that given the record, any fingerprint testing would be immaterial:

> Here, the uncontroverted facts are that the Defendant and victim resided together for years, and the Defendant's own statements reveal that the subject knife was handled by both of them. The Defendant further revealed that he used the knife to stab the victim in the stomach and was the last to hold it. Any fingerprint analysis of the knife would be immaterial to any claims or defenses raised: Again, it would not provide any information on who handled the knife first or last, precisely when it was used, or how it was used.

(Record citations omitted).

Because the record conclusively shows that Defendant is not entitled to postconviction DNA or fingerprint testing, we affirm.

Affirmed.